IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ZERIC TOWNSEL                                                                                    PLAINTIFF

V.                                                                          CIVIL ACTION NO1:20-CV-18-SA-DA

WILLIAM MALISCH                                                                                 DEFENDANT

REPORT AND RECOMMENDATION

The plaintiff has filed this complaint alleging race, color and national origin discrimination resulted in the termination of his employment. He seeks leave to proceed *in forma pauperis.*

Title 28 U.S.C. § 1915(a)(1) provides, "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets of such prisoner possesses that the person is unable to pay such fees or give security therefor." This statute does not provide an absolute right to proceed *in forma pauperis* in federal courts. *Carter v. Thomas*, 527 F. 2d 1332 (5th Cir. 1976). It is a privilege extended to those unable to pay the filing fees when an action is not frivolous or malicious. *Startti v. U.S.A.*, 415 F. 2d 1115 (5th Cir. 1969). The court has discretion to determine whether or not to grant this status, *Carter v. Telectron*, 452 F. Supp. 939 (S.D. Tex. 1976), and the court may monitor a civil action that has been instituted *in forma pauperis* to avoid or minimize abuse of prosecution of such civil suits. *Hawkins v. Elliot*, 385 F. Supp. 354(D.C. S.C 1974) and *Mann v. Leeke*, 73 F.R.D. 264(D.C. S.C.1974).

The plaintiff's affidavit, in support of the motion, shows that he presently earns $ 26.59 per hour and that his take home pay is $ 980.00 per week. He claims monthly expenses of about

$ 2,900.00 per month. He has no dependents.

Leave to proceed without payment of court costs is appropriate only where the party has no substantial assets and/or an income that is at or near the poverty level. Per the affidavit, this plaintiff takes home around $ 50,000 per year. By comparison, the 2019 poverty level for a single person is $ 12,490.00. While the plaintiff is not rich, neither is he a pauper. He will not be deprived of the necessities of life if compelled to pay the court costs and he therefore will not suffer any "undue financial hardship." *Walker v. Univ. of Texas Med. Branch*, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008).

The undersigned, for the foregoing reasons, recommends that the application for *in forma pauperis* status be denied and that the plaintiff be required to pay the court costs within fifteen days of the order on the motion.

The parties are referred to 28 U.S.C. 636 (b)(1) and Local Rule 72 (a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

This the 12th day of February, 2020.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE