IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ZERIC J. TOWNSEL                                                                                                    PLAINTIFF

V.                                                                                    CIVIL ACTION NO. 1:20-CV-18-SA-DAS

ALAN WHITE and WILLIAM MALISCH                                                                       DEFENDANTS

ORDER

On March 3, 2020, this Court entered an Order [5] adopting the Magistrate Judge's Report and Recommendation to deny the Plaintiff's Motion to Proceed *in forma pauperis* [2]. The Court concluded in that Order that the Plaintiff did not sufficiently demonstrate indigence as required by 28 U.S.C.A. § 1915. Presently before the court is the Plaintiff's *pro se* Motion for Reconsideration [7] filed on March 6, 2020.

*Discussion*

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). However, when a motion for reconsideration is filed, "such motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e)," if the motion is filed within 28 days of the challenged order. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998); *see also* FED. R. CIV. PRO. 59(e). A motion to alter or amend a previous judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence . . . and cannot be used to raise arguments which could, and should, have been made before the judgement issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (*quoting Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A district court has "considerable discretion" to grant or deny a motion under Rule 59(e). *Edward H.*

*Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

In his *pro se* Motion, Townsel argues "as I stated when I filled out the original packet, I am not rich and along with taxes and huge amounts of debt, I just can't pay the filing fee at this time." Thus, construing the Plaintiff's filing liberally, he appears to argue that the Court made a manifest error in fact in finding that he has sufficient funds to pay the filing fee. However, the Plaintiff has provided nothing to support his contention and appears to simply be dissatisfied with the Court's ruling. In other words, the Plaintiff has provided the Court nothing new to consider, and the Court therefore finds that its initial ruling should remain unchanged.

Absent additional evidence of indigence, the Plaintiff cannot satisfy Rule 59(e). Thus, the Plaintiff's Motion for Reconsideration [7] is DENIED.

SO ORDERED this, the 6th day of July, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE